IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LOMAX, BRENDA G. LOMAX, CHRISTOPHER J. LOMAX, AND BRIANA N. LOMAX,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH POLICE OFFICERS, SGT. STEVE BIAS, JAMES STENGER, DESMOND BITTNER, et al.,<br><br>Defendants. | No. C 11-02858 CRB<br><br>**ORDER DISMISSING CASE** |

Thomas Lomax filed this action on behalf of his son and the Lomax family on June 10, 2011. Dkt. 1. He appears to be bringing claims under 42 U.S.C. § 1983 regarding an arrest, search, and seizure undertaken by the City of Antioch Police Department. Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and several local rules. Dkt. 4-5. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

**I.   FACTUAL BACKGROUND**

Lomax relates an incident between Timothy and Christopher Lomax and the Antioch Police Department. Lomax alleges that on December 20, 2010 the Antioch Police Department entered the home of Timothy Lomax at 2:30 A.M. wishing to speak with Timothy's son Christopher, stating they were investigating the shooting of Arnold

Muckleroy. Compl. (dkt. 1) at 4. They also seem to have believed Christopher may have been involved in drug dealing, though no charges to that effect appear to have been brought. Id. He alleges that when Timothy inquired of the officers if his son Christopher was under arrest, they said no. Id. He alleges that when Timothy replied, "He will not talk without a lawyer," one of the officers responded by saying, "You shut up, he can speak for himself." Id. He alleges that Christopher stated, "Like my dad said, I will talk to you with a lawyer." Id. He then alleges Sgt. Steve Bias and another officer attacked Timothy and Christopher, placed them in hand cuffs, and took them to jail. Id.

    Lomax also alleges other Antioch Police Officers held Brenda and Briana Lomax hostage in the home while they searched the home and yard. Id. He alleges the officers did not find any evidence of contraband. Id. He alleges that then Detectives James Stenger and Desmond Bittner lied in an affidavit to convince Judge Baysinger to sign a search warrant. Id. The officers then seized Timothy Lomax's gun collection, pursuant to the warrant. Id. Lomax alleges no charges were ever filed against Timothy or Christopher, but that the incident has had a negative effect on Christopher's interactions with U.S. Army Recruiters. Id. at 5.

    The documents included in Lomax's Complaint also include information related to Thomas Lomax's tax history. See Compl. at 25-27, 47-54. Lomax does not appear to bring any claims at this time based on these documents, though it is not completely clear. Moreover, these claims have all been brought and adjudicated in prior cases 3:02-cv-3429 and 3:05-cv-01557. Thus, the Court may not re-examine these claims.[1] Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).

---

[1] Res Judicata has three elements: (1) identity of claims, (2) final judgment on the merits, and (3) identity or privity between the parties. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001). Here, there is identity of claims because the allegations relating to Thomas Lomax in this case "arise out of the same transactional nucleus of facts" as the earlier cases. Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). There was a final judgment on the merits in those cases. See F.R.C.P. 41(b) (dismissal under the rule "operates as an adjudication on the merits") in 3:05-cv-01557; dismissal for failure to amend after granting motion for more definite statement in 3:02-cv-3429 passes on the substance of the particular claim before the court. Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-02 (2001). There is also identity between the parties.

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action that fails to state a claim upon which relief can be granted. All well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit'ship v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the pleaded factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In addition, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion couched as a factual allegation need not be accepted. Id.

Where plaintiff is a pro se litigant, the plaintiff's complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## III. DISCUSSION

Defendants argue the Complaint should be dismissed because Thomas Lomax lacks standing to bring the action, and that he fails to state a claim upon which relief can be granted. As the Court determines Plaintiff lacks standing to bring this action, it is not necessary to reach the remaining issues.

### A. Standing

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Fundamentally, questions of standing turn on "whether the particular plaintiff is entitled to an adjudication of the particular claim asserted." Allen v.

Wright, 468 U.S. 737, 752 (1984).  Standing comprises both prudential and constitutional considerations.  Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979).

For prudential standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).  Here Plaintiff seeks to assert the constitutional rights of his son and grandson, along with other family members.  Compl. at 2-3.  Thus, he is not seeking in the Complaint to assert his own legal rights.

To meet an exception to this prudential standing requirement, a plaintiff need demonstrate (1) he has suffered an injury-in-fact that gives him sufficiently concrete interest in the outcome of the suit, (2) a sufficiently close relationship with the third parties, and (3) that it is difficult or impossible for the third parties to assert their own rights.  Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

For constitutional standing, a plaintiff must also demonstrate three elements: (1) actual and concrete injury-in-fact, (2) a causal connection between defendants' conduct and the injury-in-fact, and (3) likelihood that favorable decision will redress the injury-in-fact. Lujan, 504 U.S. at 560-61.

The prudential and constitutional standing inquiries both turn on whether the Plaintiff can allege any "injury-in-fact" that he has suffered as a result of the alleged illegal conduct. As Plaintiff's Complaint solely asserts the rights of third parties and includes no allegations of personal injury that the Court may consider, he fails to meet this requirement.  As Plaintiff cannot demonstrate an injury-in-fact, the Court need not turn to the other requirements of prudential and constitutional standing.

        1.     <u>Injury-in-Fact</u>

Injury-in-fact requires more than just a general injury to a cognizable societal interest; it requires that the party suing be directly injured.  Lujan, 504 U.S. at 562 (quoting Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)).  This injury must be the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Id. at 559-60.  Particularly in suits against government entities,

such as here, "the concrete injury requirement must remain." Id. at 578. The only parties alleged in the Complaint to have been injured are Timothy, Christopher, Brenda, and Briana Lomax. While Plaintiff's allegations of injury in the Complaint are serious, these alleged injuries are to others, not to Plaintiff. The fact that Plaintiff is related to those alleged to have suffered injury is not sufficient without a concrete injury-in-fact to himself.

For example, in Powers v. Ohio, 499 U.S. 400, 402-03 (1992), the Court found a white criminal defendant could assert a claim that the prosecution used its peremptory challenges to exclude black jurors. The Court found that despite existence of a close relationship between the defendant and the jurors based on "a common interest in eliminating racial discrimination from the courtroom," id. at 411, 413, the injury-in-fact requirement still stood. Id. at 411. The Court found the criminal defendant had suffered a personal injury-in-fact with a causal connection to the alleged harm because the possibility of racial discrimination pervaded the entire trial and threatened its neutrality, which injured him directly as the defendant. Id. at 412. Plaintiff here cannot allege such a connection, and thus cannot meet the requirements of injury-in-fact. Plaintiff alleges no injury to himself personally from the complained of actions. Since Plaintiff cannot demonstrate an injury-in-fact he cannot meet the requirements of either prudential or constitutional standing.

### 2. Power of Attorney Not Sufficient

Timothy Lomax has executed a durable power of attorney, appointing Thomas Lomax. Compl. at 8-12. This does not remedy the standing issue, nor allow Thomas to bring this action.

California prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession." Gerhard v. Stephens, 68 Cal.2d 864, 918 (1968). California Business and Professions Code section 6125 provides: "No person shall practice law in California unless the person is an active member of the State Bar." California's Uniform Statutory Form Power of Attorney Act lists the various powers

5

conferred in a statutory form power of attorney. See Cal. Probate Code § 4459.[2] This language appears to include the right to bring a lawsuit on behalf of another. Id. Yet, California courts have clearly rejected the proposition that the statute confers upon one holding a power of attorney the authority to provide legal representation to others:

> Long before passage of the Power of Attorney Act, the law distinguished between an attorney in fact and an attorney at law and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law. People ex rel. Dept. of Public Works v. Malone, 232 Cal. App. 2d 531, 536-37 (1965). As explained in Malone, "If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation." Id.
> Nothing in the Power of Attorney Act changes this rule. As the California Law Revision Commission recognized, the authority

---

[2] California Probate Code section 4459 provides:
In a statutory form power of attorney, the language with respect to claims and litigation empowers the agent to do all of the following:
 (a) Assert and prosecute before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, cross-complaint, or offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief.
 (b) Bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae.
 (c) In connection with litigation:
  (1) Procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use any available procedure to effect, enforce, or satisfy a judgment, order, or decree.
  (2) Perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation.
 (d) Submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation.
 (e) Waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation.
 (f) Act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or some other person, or with respect to a reorganization proceeding, or with respect to an assignment for the benefit of creditors, receivership, or application for the appointment of a receiver or trustee which affects an interest of the principal in property or other thing of value.
 (g) Pay a judgment against the principal or a settlement made in connection with litigation and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

> of attorneys in fact under section 2494 [now California Probate Code section 4459] is restricted-it is "subject to conditions of fact and law that exist outside this chapter." Recommendation Relating to Uniform Statutory Form Power of Attorney Act (Dec.1989) 20 Cal. Law Revision Com. Rep. at 401 (1990). One such law existing outside the chapter is the State Bar Act's prohibition against the practice of law by nonlawyers.

Drake v. Superior Court, 21 Cal. App. 4th 1826, 1831 (1994).

Thus, "[d]espite broad statutory language of the power of attorney with respect to claims and litigation, the attorney in fact may not act as an attorney in law on behalf of his principal, even though the principal could appear in propria persona." In re Marriage of Caballero, 27 Cal. App. 4th 1139, 1151 (1994) (citation omitted); see also Ziegler v. Nickel, 64 Cal. App. 4th 545, 548 (1998) ("[O]ne holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney") (citation omitted); Tracy v. United States, 243 F.R.D. 662 (D. Nev. 2007) (holding plaintiff who had purported power of attorney from taxpayer lacked standing to bring wrongful levy claim arising from levy on taxpayer's pension plan, social security fund, and wages, where plaintiff had no possessory interest in taxpayer's pension plan, social security fund, and wages).

In addition, the legislative history of the 2002 amendment to California Business and Professions Code section 6126 adding the phrase "otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so" indicates that the Legislature was concerned with the ability of out-of-state attorneys to appear pro hac vice in California courts. See California Bill Analysis, S.B. 1459, Assembly Committee on the Judiciary, June 25, 2002. The Court has found nothing in the legislative history indicating the Legislature meant to abrogate California's long-standing rule that a power of attorney confers no authority upon a person to practice law without a State Bar license.

Thus, California's Statutory Form Power of Attorney Act does not give Plaintiff the power to bring this claim on behalf of his son and other family members.

///

///

///

7

## IV. CONCLUSION

For the foregoing reasons the Defendants' Motion to Dismiss is GRANTED and the hearing on the Motion scheduled for Friday September 16, 2011 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: September 14, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE